UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIE GENE JENKINS                                                      PLAINTIFF


v.                                          CRIMINAL ACTION NO. 3:05CV-00110-S


THOMAS DAILEY, WARDEN                                                   DEFENDANT

## MEMORANDUM OPINION

Willie Gene Jenkins has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.2254. After considering the petition, and all responses thereto, the court has determined that Mr. Jenkins is not entitled to the writ he seeks.

### I.

Mr. Jenkins is currently incarcerated by the Commonwealth of Kentucky, and is serving a thirty-year sentence for criminal syndication, criminal possession of forged instruments, theft by deception, and for being a persistent felony offender.   The criminal syndicate consisted of Mr. Jenkins and four women, who were all forging checks.  Although all five were indicted for criminal syndication under Ky. Rev. Stat. 506.120, the four women entered into plea agreements, by which the criminal syndication charges against them were dismissed.  Mr. Jenkins elected to go to trial, however, and was convicted.   Following the guilty verdict, he entered into an agreement with the Commonwealth by which he accepted a thirty-year sentence, rather than allowing the jury to determine his sentence.

Mr. Jenkins properly exhausted his state court remedies and timely filed a petition with this court.  In his petition, he presents one central argument:  that his conviction for criminal syndication

was unlawful because he was the only person convicted of being a member of a syndicate.   In other words, he asserts that he could not properly be found guilty of criminal syndication, unless the requisite number of collaborators[1] were also found guilty of the same charge.   His central argument is presented as five separate counts, but really consists of two:   (1) his conviction was unlawful under Kentucky law, and (2) his counsel was ineffective for failing to move for a directed verdict when the Commonwealth failed to establish that the other collaborators had been convicted of criminal syndication.

## II.

A federal court cannot issue a writ of habeas corpus "on the basis of a perceived error of state law."   *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988) and *Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir. 1988)("For excellent reasons, claims that a state erred in interpreting or applying its own criminal law or procedural rules are almost always rejected as grounds for granting the writ of habeas corpus.").   Accordingly, any assertions that the courts of Kentucky improperly applied or interpreted Ky. Rev. Stat. 506.120(3) are not reviewable by this court.

As for Mr. Jenkins second argument (*i.e.*, that his counsel was ineffective for failing to move for a directed verdict), it does present a federal constitutional claim capable of being reviewed by this court.   The respondent asserts that Mr. Jenkins procedurally defaulted that claim, however, when he failed to present it first to the state courts for review.   A closer review of the state court pleadings, however, reveals that he did not.   *See* Appx. at 14, 62.   This specific claim was adjudicated on its merits by the Kentucky Court of Appeals.   *See* Appx. at 62.

---

[1]Ky. Rev. Stat. 506.120(3) defines criminal syndication as "five (5) or more persons collaborating to promote or engage in any of [six enumerated offenses]."

To be entitled to a writ of habeas corpus, however, Mr. Jenkins must establish that the Kentucky Court of Appeals' adjudication of this claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d).  Mr. Jenkins has done neither, and therefore is not entitled to the writ he seeks.

### III.

For the reasons stated herein, the court will deny, by separate order, Mr. Jenkins petition for writ of habeas corpus.  The court will also decline to issue a certificate of appealability because Mr. Jenkins "has [not] made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and has not demonstrated that reasonable jurists would find the court's assessment of the his claims debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**DATED:**

cc:    Mr. Jenkins, *pro se*
       Counsel of Record